UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Alex Cooper, individually and on behalf of all others similarly situated,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**Simm Associates, Inc.,** )<br>)<br>**Defendant.** )<br>) | **Case No.: 1:21-cv-356** |

## CLASS ACTION COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

1

8. Plaintiff resides in this Judicial District.

9. Defendant transacts business in this Judicial District.

## Parties

10. Plaintiff, Alex Cooper (hereinafter "Mr. Cooper or Plaintiff"), is a natural person.

11. Plaintiff is a "consumer" as that term is defined by § 1692a.

12. Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. Defendant, Simm Associates, Inc., (hereinafter referred to as "Defendant"), is a debt collector operating out of 800 Pencader Drive, Newark, DE, 19702.

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. Defendant is a debt collection law firm attempting to collect a debt from Plaintiff.

18. Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5), namely, a debt arising from a vehicle loan.

19. Unfortunately, due to circumstances beyond his control, the debt owed by Mr. Cooper went into default and the vehicle was repossessed.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. Plaintiff disputes the debt.

22. Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

23. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

24. On or about September 14, 2020, Defendant sent to Mr. Cooper a dunning letter in which it stated: "Current Creditor: Hyundai Motor Finance" (in the upper right hand corner of the dunning letter). *See Exhibit "2" attached hereto*.

25. In the same dunning letter dated September 14, 2020, Defendant stated: "Current Creditor: Hyundai Capital America" (on the left-hand side of the letter). *See Exhibit "2" attached hereto*.

26. In the same dunning letter dated September 14, 2020, Defendant stated: "Original Creditor: Hyundai Motor Finance" (on the left-hand side of the letter) even though Hyundai Motor Finance was identified as the "current creditor" elsewhere in the dunning letter. *See Exhibit "2" attached hereto*.

27. Plaintiff read the letter and the parts of the letter that showed two different creditors for one stated amount. Under normal circumstances Plaintiff would want to pay his debts, but he was confused and distressed about the letter because he could not determine who he supposedly owed money to. The letter caused Plaintiff anxiety because it seemed like he might owe two debts instead of one, to be paid to two different creditors. *See Exhibit 2.*

28. In an attempt to allay his anxiety and distress, and hopefully clear up his confusion, Mr. Cooper checked his credit reports to attempt to discern the name of the creditor to whom the alleged debt was actually owed. Mr. Cooper's TransUnion credit report dated December 7, 2020, identifies the current creditor as "Hyundai Finance". *See Exhibit "2" attached hereto.*

29. But Mr. Cooper's Experian credit report dated December 30, 2020, identifies the current creditor as "Hyundai Capital America". *See Exhibit 2.*

30. The identity of a consumer's current creditor is a critical piece of information, and the false identification of the creditor in a dunning letter or otherwise misled Mr. Cooper in a material way and caused him to suffer a disadvantage in charting the course of action in response to the collection effort. *See* Janetos v. Fulton, Friedman & Gullace, 825 F.3d 317 (7th Cir. 2016); Tourgeman v. Collins Financial Services, 755 F.3d 1109, 1121 (9th Cir. 2014).

31. Far from allaying his distress, the letter, coupled with the credit reports, increased his distress to the point that Plaintiff reasonably decided not to pay until he knew the name of the alleged creditor to whom the debt is owed.

32. Defendant's violation is a material violation of the FDCPA that lead Plaintiff to alter his course of action as to whether to pay a debt because Plaintiff does not know who owns his former debt. Mr. Cooper was distressed and feared that he would send money to the wrong business entity. *See* Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012).

33. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* Gammon vs. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692g(a)(2)
## Failure To Identify Effectively The Current Creditor

34. Plaintiff adopts and realleges ¶¶ 1-33.

35. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, Defendant was required to provide Mr. Cooper with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed." *See* 15 U.S.C. § 1692g(a)(2).

36. Defendant's form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to identify effectively the current creditor to whom the debt was owed. *See* Janetos, 825 F.3rd at 324-325; *see also*, Long v. Fenton & McGarvey, 2016 U.S. Dist. LEXIS 170421 (S.D. Ind. 2016); Pardo v. Allied Interstate, 2015 U.S. Dist. Lexis 125526 (S.D. Ind. 2015); Deschaine v. National Enterprise Systems, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. 2013); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012); Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011).

37. Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, *see*, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692e Of The FDCPA –
## False, Deceptive Or Misleading Collection Actions

38. Plaintiff adopts and realleges ¶¶ 1-37.

39. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, *see*, 15 U.S.C. § 1692e.

40. Making a false statement as to the name of the original creditor is a materially misleading statement which violates of § 1692e of the FDCPA. *See* Tourgeman, *supra*, 755 F.3d at 1122. By failing to properly identify the correct creditor, Defendant's letter violated § 1692e of the FDCPA.

41. Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, *see*, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692f Of The FDCPA –
## Unfair Or Unconscionable Collection Actions

42. Plaintiff adopts and realleges ¶¶ 1-41.

43. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, *see*, 15 U.S.C. § 1692f.

44. Defendant, by failing to properly identify the creditor violated § 1692f of the FDCPA.

45. Defendant's violation of § 1692f of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, *see*, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

46. Plaintiff, Alex Cooper, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a delinquent consumer debt via the same form collection letter that Defendant sent to Plaintiff which failed to explain who owns the alleged debt at issue in this matter.  This action seeks a finding that Defendant's form letter violated the FDCPA and asks the Court award damages as authorized by §1692k(a)(2) of the FDCPA.

47. Defendant regularly engages in debt collection, using the same form collection letter that was sent to Mr. Cooper in its attempts to collect delinquent consumer debts from other consumers.

48. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent to Mr. Cooper.

49. Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for their fair and efficient adjudication of this controversy.

50. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

51. Plaintiff will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

### Prayer for Relief

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following:

1. Certify this action as a class action.

2. Appoint Alex Cooper as Class Representative of the Class and her attorneys as Class Counsel.

3. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

4. Enter judgment in favor of Plaintiff and the Class, and against Defendant.

5. Actual damages under 15 U.S.C. § 1692k(a)(1).

6. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

7. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

8. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: john@johnsteinkampandassociates.com


/s/ Andrew A. Ault
Andrew A. Ault
Andrew A. Ault, Esq.
Attorney for Plaintiff
5214 S. East Street, Suite D2
Indianapolis, IN 46227
Office: (317) 866-0948
Email: andrew@aultlawoffice.com